UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

2010 AUG -2  P II: 31

CONTINENTAL CASUALTY COMPANY, )
                                )
        Plaintiff(s),           )
                                )
    vs.                         )        Case No. 4:10CV0343 JCH
                                )
OLIN CORPORATION,               )
                                )
        Defendant(s).           )        **2:10-cv-01298-GMN-PAL**

## ORDER OF TRANSFER

In accordance with the Order entered on this date and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Plaintiff's Complaint is

**TRANSFERRED** to the United States District Court, District of Nevada.

Dated this 30th day of July, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

A TRUE COPY OF THE ORIGINAL
JAMES G. WOODWARD, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

BY: C. Aleams
                        DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV343 JCH |
| | ) | |
| OLIN CORPORATION, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Olin Corporation's Motion to Dismiss or

Transfer Venue, filed May 6, 2010. (Defendant's Motion to Dismiss or Transfer Venue ("Motion"),

Doc. No. 5). The Motion is fully briefed and ready for disposition.

## BACKGROUND

Defendant purchased boiler and machinery property insurance from Plaintiff. (Complaint for

Declaratory Judgment ("Compl."), Doc. No. 1, ¶ 1). On December 23, 2008, Defendant provided

Plaintiff with a notice of loss at their chemical manufacturing facility ("Nevada Plant"). (Id.) Nevada

Plant is located in Henderson, Nevada. (Id., ¶ 7). On January 26, 2010 Plaintiff advised Defendant

in a letter of its decision that damage to the Nevada Plant was not covered under the boiler and

machinery property insurance policy. (Doc. No. 1-4, p. 1). The letter included detailed findings to

support Plaintiff's decision not to cover the loss and invited Defendant to submit any additional

information that could impact Plaintiff's decision. (Id., p. 6). On February 26, 2010 Plaintiff filed

this action for declaratory judgment seeking a judgment that the loss is not covered under the boiler

and machinery property insurance policy. (Compl., passim). On April 29, 2010, Defendant filed a

separate action against Plaintiff and other insurance companies for payment on policies including

A TRUE COPY OF THE ORIGINAL
JAMES G. WOODWARD, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _C. Abram_
DEPUTY CLERK

the damages suffered at Nevada Plant in the District of Nevada. (Doc. No. 6-1).[1]  On May 6, 2010,

Defendant filed a Motion to Dismiss this action in favor of the Nevada action, or in the alternative

a Motion to Transfer Venue to the District of Nevada. (Doc. No. 5).  Because this Court grants

Defendant's Motion to Transfer, the Court does not address the issues in the Motion to Dismiss so

that they may be addressed by the District Court of Nevada.

## DISCUSSION

### I.     Motion to Transfer

####     A.     Standard

28 U.S.C. § 1404(a) governs the ability of a federal district court to transfer a case to another

venue. That provision provides: "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it might

have been brought."  Id.  "In considering a § 1404(a) motion, the Court must give great weight to

the plaintiff's choice of a proper venue. That choice should only be disturbed upon a clear showing

that the balance of interests weighs in favor of the movant's choice of venue." Anheuser-Busch, Inc.

v. City Merch., 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (internal citations omitted). The court

should consider these factors when evaluating a motion to transfer:  "1) the convenience of the

parties; 2) the convenience of non-party witnesses; 3) the availability of the judicial process to compel

testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof;

6) possibility of delay and prejudice if transfer is granted; and 7) practical considerations of cost and

---

[1]In addition to Continental Casualty, the Nevada Plant was insured by the following property insurers: Factory Mutual Insurance Company, Zurich American Insurance Company, Zurich Insurance Ireland Ltd., National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and ACE American Insurance Company (together, "Property Insurers").  (Reply in Support of Olin Corporation's Motion to Dismiss or Transfer ("Reply"), Doc. No. 16, p. 1, n. 1). The Property Insurers are all named in the Nevada action.

efficiency." Id.; see also  Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997) ("The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."). The convenience of the witnesses, however, is the "primary, if not most important" factor. Anheuser-Busch, Inc., 176 F. Supp. 2d at 959 (citing May Dep't Stores Co. v. Wilansky, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995)). After considering the factors considered under 28 U.S.C. § 1404(a), this Court finds they favor granting the Motion to Transfer Venue.

        B.     Convenience of Witnesses

First, the convenience of the witnesses is best served by transferring the action to the District of Nevada. Defendant has identified eight likely witnesses that reside in Nevada. (Reply, p. 7). Plaintiff identifies seven witnesses from Tennessee, Texas, Rhode Island, New York, New Jersey, and California. (Continental Casualty's Response to Olin's Motion to Dismiss and/or Transfer Venue ("Response"), Doc. No. 14, p. 14; see also Reply, p. 7). None of those witnesses, however, reside in this District. Presumably these witnesses would be similarly inconvenienced by a trial in the District of Nevada. Plaintiff cites to Millennium Prods., Inc. v. Gravity Boarding Co., Inc., 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000) to support the proposition that "the convenience of witnesses who are employees of a corporate party is less significant than that of non-party witnesses; it is reasonable to assume that these employees will be made available for trial[.]" Even if this Court accepts the proposition that corporate employees should be given less significance, venue in this district is still not warranted. Plaintiff has not named any potential witnesses from this District.

C.      Access to Proof

Secondly, the parties will have easier access to the sources of proof in the District of Nevada. The losses occurred in the Nevada Plant in Henderson, Nevada. The damaged equipment is located at Nevada Plant. (Memorandum in Support of Defendant Olin Corporation's Motion to Dismiss or Transfer Venue ("Memorandum"), Doc. No. 6, p. 15). Having the trial in Nevada would allow the jury to view this evidence, if necessary.

Plaintiff argues that the threshold issue in this case is an interpretation of the insurance policy negotiated between AON and Continental Casualty. (Response, p. 13). Plaintiff claims the testimony of New York witnesses from AON would be required. (Id.) The Court, however, does not find that venue in Missouri would be more convenient to those witnesses than venue in Nevada. Likewise, evidence regarding the insurance policy and other documents are easily transportable and viewable in any location, unlike the Nevada Plant.

D.      Residence of Defendant

Plaintiff emphasizes that the defendant, Olin Corporation, resides in the district. (Response, pp. 1, 12). The Court notes that Olin's residence makes venue proper in the district. See 28 U.S.C. § 1391 ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides[.]"). The Court finds that, although venue is possible in this District, the factors outlined in 28 U.S.C. §1404(a) require transfer of this action to Nevada.

Accordingly, the Court grants Defendant's Motion to Transfer Venue.

- 4 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or Transfer Venue (Doc. No. 5) is **GRANTED**, in part.  Defendant's Motion to Transfer is **GRANTED**.  A separate Order of Transfer is filed herewith.

**IT IS FURTHER ORDERED** that Defendant Olin Corporation's Request for Oral Argument (Doc. No. 18) is **DENIED**.

Dated this 30th day of July, 2010.

                    /s/ Jean C. Hamilton
                    UNITED STATES DISTRICT JUDGE

TRANSF

# U.S. District Court
## Eastern District of Missouri (LIVE) (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:10-cv-00343-JCH
## Internal Use Only

| | |
|---|---|
| Continental Casualty Company v. Olin Corporation | Date Filed: 02/26/2010 |
| Assigned to: Honorable Jean C. Hamilton | Date Terminated: 07/30/2010 |
| Demand: $75,000 | Jury Demand: None |
| Cause: 28:1332 Diversity-Declaratory Judgment | Nature of Suit: 110 Insurance |
| | Jurisdiction: Diversity |

**Plaintiff**

**Continental Casualty Company**                represented by **David E. Heiss**
FISHER KANARIS PC
200 S. Wacker Drive
22nd Floor
Chicago, IL 60606
312-474-4386
Fax: 312-474-1410
Email: dheiss@fisherkanaris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark C. Goldenberg**
GOLDENBERG AND HELLER, P.C.
2227 S. State Route 157
Edwardsville, IL 62025
618-656-5150
Fax: 618-656-6230
Email: mark@ghalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter E. Kanaris**
FISHER KANARIS PC
200 S. Wacker Drive
22nd Floor
Chicago, IL 60606
312-474-1406
Fax: 312-474-1410
Email: pkanaris@fisherkanaris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P. Rosenfeld**
GOLDENBERG AND HELLER, P.C.

A TRUE COPY OF THE ORIGINAL
JAMES G. WOODWARD, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

BY: _C. Abrams_
                DEPUTY CLERK

2227 S. State Route 157
Edwardsville, IL 62025
618-656-5150
Fax: 618-656-6230
Email: tom@ghalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Olin Corporation**                     represented by **Joel B. Samson**
HUSCH BLACKWELL SANDERS,
LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105-3441
314-480-1500
Fax: 314-480-1505
Email: joel.samson@husch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig C. Martin**
JENNER & BLOCK, LLP
353 N. Clark Street
Chicago, IL 60654-3456
312-923-2776
Fax: 312-840-7776
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eamon P. Kelly**
JENNER & BLOCK, LLP
353 N. Clark Street
Chicago, IL 60654-3456
312-840-7627
Fax: 312-840-7727
Email: ekelly@jenner.com
*ATTORNEY TO BE NOTICED*

**Lorelie Sue Masters**
JENNER & BLOCK, LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6076
Fax: 202-661-4924
Email: lmasters@jenner.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/2010 | ❿ 1 | COMPLAINT *for Declaratory Judgment* against defendant Olin Corporation with receipt number 0865000000002167796, in the amount of $350 Non-Jury Demand,, filed by Continental Casualty Company. (Attachments: # 1 Exhibit A - Portions of policy, # 2 Exhibit B - Olin memo, # 3 Exhibit C - 11/25/09 E-mail, # 4 Exhibit D - 1/26/10 Position letter, # 5 Original Filing Form, # 6 Civil Cover Sheet)(Goldenberg, Mark) Modified on 3/24/2010 (CLA). Exhibit B sealed per atty.'s request. (Entered: 02/26/2010) |
| 02/26/2010 | ❿ 2 | DISCLOSURE OF CORPORATION INTERESTS CERTIFICATE by Plaintiff Continental Casualty CompanyParent companies: 1. The Continental Corporation, CNA Financial Corporation, Loews Corporation, Subsidiaries: NONE, Publicly held company: See No. 1.,. (Goldenberg, Mark) (Entered: 02/26/2010) |
| 03/02/2010 | ❿ | Case Opening Notification, Disclosure of Corporate Interest to be filed by all corporations. No summons issued at this time due to no summons or Notice of Process Server filed with case. Attorney needs to file the appropriate documents. Judge Assigned: Honorable Jean C. Hamilton. (DLT) (Entered: 03/02/2010) |
| 04/13/2010 | ❿ 3 | WAIVER OF SERVICE Returned Executed filed by Continental Casualty Company Olin Corporation waiver signed on 3/24/2010, answer due 5/24/2010. (Rosenfeld, Thomas) (Entered: 04/13/2010) |
| 05/06/2010 | ❿ 4 | ENTRY of Appearance by Joel B. Samson for Defendant Olin Corporation. (Samson, Joel) (Entered: 05/06/2010) |
| 05/06/2010 | ❿ 5 | MOTION to Dismiss Case *or Transfer Venue* by Defendant Olin Corporation. (Samson, Joel) (Entered: 05/06/2010) |
| 05/06/2010 | ❿ 6 | MEMORANDUM in Support of Motion re 5 MOTION to Dismiss Case *or Transfer Venue* filed by Defendant Olin Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Samson, Joel) (Entered: 05/06/2010) |
| 05/06/2010 | ❿ 7 | AFFIDAVIT re 6 Memorandum in Support of Motion *To Dismiss or Transfer Venue* by Defendant Olin Corporation. (Samson, Joel) (Entered: 05/06/2010) |
| 05/06/2010 | ❿ 8 | DISCLOSURE OF CORPORATION INTERESTS CERTIFICATE by Defendant Olin Corporation. Parent companies: None, Subsidiaries: See Disclosure, Publicly held company: See Disclosure,. (Samson, Joel) (Entered: 05/06/2010) |
| 05/20/2010 | ❿ 9 | ENTRY of Appearance by Thomas P. Rosenfeld for Plaintiff Continental Casualty Company. (Rosenfeld, Thomas) (Entered: 05/20/2010) |
| 05/20/2010 | ❿ 10 | MOTION for Extension of Time to File Response/Reply as to 5 MOTION to Dismiss Case *or Transfer Venue* by Plaintiff Continental Casualty Company. (Rosenfeld, Thomas) (Entered: 05/20/2010) |

| 05/21/2010 | ❍ 11 | MOTION for Leave to Appear Pro Hac Vice David E. Heiss (Filing fee $100 receipt number 0865-2268212)Yes or No - No, by Plaintiff Continental Casualty Company. (Heiss, David) (Entered: 05/21/2010) |
| 05/24/2010 | ❍ 12 | Docket Text ORDER: Re: 10 MOTION for Extension of Time to File Response/Reply as to 5 MOTION to Dismiss Case *or Transfer Venue* by Plaintiff Continental Casualty Company. ORDERED: Plaintiff is granted until June 3, 2010 to respond to Defendant's Motion to Dismiss Case or Transfer Venue. Defendant is granted until June 17, 2010 to file its Reply to Plaintiff's response. Signed by Honorable Jean C. Hamilton on 05/24/2010. (CBL) (Entered: 05/24/2010) |
| 05/24/2010 | ❍ 13 | Docket Text ORDER: Re: 11 MOTION for Leave to Appear Pro Hac Vice David E. Heiss by Plaintiff Continental Casualty Company. ORDERED: SO ORDERED. Signed by Honorable Jean C. Hamilton on 05/24/2010. (CBL) (Entered: 05/24/2010) |
| 06/03/2010 | ❍ 14 | RESPONSE to Motion re 5 MOTION to Dismiss Case *or Transfer Venue* filed by Plaintiff Continental Casualty Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Heiss, David) (Entered: 06/03/2010) |
| 06/04/2010 | ❍ 15 | ENTRY of Appearance by Peter E. Kanaris for Plaintiff Continental Casualty Company. (Kanaris, Peter) (Entered: 06/04/2010) |
| 06/17/2010 | ❍ 16 | REPLY in Support of Motion re 5 MOTION to Dismiss Case *or Transfer Venue* filed by Defendant Olin Corporation. (Samson, Joel) Modified on 6/18/2010 to redocket as reply (TRC). (Entered: 06/17/2010) |
| 06/17/2010 | ❍ 17 | DECLARATION filed by Defendant Olin Corporation *Supplemental Declaration of Noel Goding in Support of Defendant's Motion to Dismiss or Transfer Venue.* (Attachments: # 1 Exhibit Exhibit C)(Samson, Joel) (Entered: 06/17/2010) |
| 06/17/2010 | ❍ 18 | MOTION for Ruling on *Defendant's Request for Oral Argument* by Defendant Olin Corporation. (Samson, Joel) (Entered: 06/17/2010) |
| 06/21/2010 | ❍ 19 | ORDER SETTING RULE 16 CONFERENCE. This case is assigned to Track: 2 (see order for details). Joint Scheduling Plan due by July 26, 2010. Rule 16 Conference set for 8/5/2010 10:45 AM by Telephone before Honorable Jean C. Hamilton. Signed by Honorable Jean C. Hamilton on 6/21/10. (CLA) Entry Modified on 6/22/2010 to correct time of conference. (CBL). (Entered: 06/21/2010) |
| 06/21/2010 | ❍ | (Court only) Set/Terminate Deadlines/Hearings: Joint Scheduling Plan due by 7/26/2010. Rule 16 Conference set for 8/5/2010 10:45 AM in Telephone before Honorable Jean C. Hamilton. (CBL) (Entered: 06/22/2010) |
| 06/22/2010 | ❍ 20 | MOTION for Leave to Appear Pro Hac Vice Lorelie Sue Masters (Filing fee $100) by Defendant Olin Corporation. (receipt # 4644015140) (CBL) (Entered: 06/22/2010) |
| 06/22/2010 | ❍ 21 | MOTION for Leave to Appear Pro Hac Vice Craig Christopher Martin (Filing fee $100) by Defendant Olin Corporation. (receipt # 4644015140) (CBL) (Entered: 06/22/2010) |

| 06/22/2010 | 🌑 22 | MOTION for Leave to Appear Pro Hac Vice Eamon Padraic Kelly (Filing fee $100) by Defendant Olin Corporation. (receipt # 4644015140) (CBL) (Entered: 06/22/2010) |
|---|---|---|
| 06/22/2010 | 🌑 | Receipt 4644015140 in the amount of $100.00 for PRO HAC VICE on behalf of Craig Christopher Martin (CCAM) (Entered: 06/23/2010) |
| 06/22/2010 | 🌑 | Receipt 4644015140 in the amount of $100.00 for PRO HAC VICE on behalf of Eamon Padraic Kelly (CCAM) (Entered: 06/23/2010) |
| 06/22/2010 | 🌑 | Receipt 4644015140 in the amount of $100.00 for PRO HAC VICE on behalf of Lorelie Sue Masters (CCAM) (Entered: 06/23/2010) |
| 06/22/2010 | 🌑 23 | Docket Text ORDER: Re: 21 , 22 , 20 Motions for pro hac vice by attys Masters, Martin and Kelly; ORDERED : SO ORDERED. Signed by Honorable Jean C. Hamilton on 6/22/10. (CEL) (Entered: 06/24/2010) |
| 06/24/2010 | 🌑 | ORDER RECEIPT: (see receipt) Docket No: 23. Thu Jun 24 08:17:37 CDT 2010 (Lippold, Carrie) (Entered: 06/24/2010) |
| 07/26/2010 | 🌑 24 | JOINT SCHEDULING PLAN by Plaintiff Continental Casualty Company. *PROPOSED*. (Heiss, David) (Entered: 07/26/2010) |
| 07/30/2010 | 🌑 25 | MEMORANDUM AND ORDER IT IS HEREBY ORDERED that Defendants Motion to Dismiss or Transfer Venue (Doc. No. 5) is GRANTED, in part. Defendants Motion to Transfer is GRANTED. A separate Order of Transfer is filed herewith.IT IS FURTHER ORDERED that Defendant Olin Corporations Request for OralArgument (Doc. No. 18) is DENIED. 5 18 Signed by Honorable Jean C. Hamilton on 7/30/10. (CLA) (Entered: 07/30/2010) |
| 07/30/2010 | 🌑 | ORDER RECEIPT: (see receipt) Docket No: 25. Fri Jul 30 12:22:19 CDT 2010 (Abrams, Carrie) (Entered: 07/30/2010) |
| 07/30/2010 | 🌑 26 | ORDER OF TRANSFER TO OTHER DISTRICT to: District of Nevada. IT IS HEREBY ORDERED that pltff.'s complaint is transferred to the United States District Court, District of Nevada. Signed by Honorable Jean C. Hamilton on 7/30/10. (CLA) (Entered: 07/30/2010) |
| 07/30/2010 | 🌑 | ORDER RECEIPT: (see receipt) Docket No: 26. Fri Jul 30 15:24:55 CDT 2010 (Abrams, Carrie) (Entered: 07/30/2010) |